UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL C. DAVENPORT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5863** |
| **UNION INSTITUTE & UNIVERSITY** | **SECTION "H"(3)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Compel Arbitration and Stay Case Pending Arbitration or, in the Alternative, Dismiss for Lack of Subject Matter Jurisdiction or Improper Venue (R. Doc. 7). For the following reasons, this Motion is GRANTED, arbitration is compelled, and the case is STAYED and ADMINISTRATIVELY CLOSED.

### BACKGROUND

According to Plaintiff's petition, he was enrolled in a Ph.D. program offered by Defendant Union Institute and University at various times between 2000 and 2012. Plaintiff alleges that despite completing all of the degree

1

requirements, he was not allowed to graduate from the program. Because Plaintiff did not receive a degree from Defendant–university, he seeks repayment of tuition and other damages. Both parties agree that a letter dated August 10, 2011, which reinstated Plaintiff in the program after a brief absence, operates as the contract between the parties (the "Reinstatement Agreement"). After removing the case to this Court, Defendant filed the instant Motion, requesting that this Court compel arbitration and stay the case based on the language of the Reinstatement Agreement. Alternatively, Defendant moves for dismissal based on a lack of subject matter jurisdiction or improper venue. Plaintiff has not filed any opposition to this Motion.

## LAW AND ANALYSIS

**A. Arbitration is Compelled**

The primary issue before the Court is whether Plaintiffs' claims are subject to arbitration. The inquiry is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1]

A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2] The Court must first determine whether the parties agreed to arbitrate the dispute.[3] This determination involves two separate inquiries: (1)

---

[1] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[2] *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007).

[3] *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable.[5]

By the clear language of the Reinstatement Agreement, the parties agreed to arbitrate this dispute. The Reinstatement Agreement expressly states that Plaintiff and Defendant "agree that any disputes arising out of this letter of agreement or [Plaintiff's] reinstatement to, or participation in, the Program shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association."[6] Plaintiff's complaint regarding Defendant's refusal to award him a degree for his participation in its Ph.D. program falls squarely within the scope of this arbitration clause. In addition, the parties have not provided, and this Court has not found, any statute or policy that would render this dispute non-arbitrable. Accordingly, the parties' agreement to arbitrate is binding, and arbitration is compelled.

**B. The Case is Stayed**

Having referred Plaintiff's claim to arbitration, the Court must now decide whether to stay the case pending arbitration. 9 U.S.C. § 3 expressly states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an

---

[4] *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).

[5] *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

[6] R. Doc. 7-7.

agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[7]

Accordingly, "[a] court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement."[8] As discussed above, this Court is satisfied that the parties have a valid and applicable agreement to arbitrate. In accordance with 9 U.S.C. § 3, this case is stayed and administratively closed pending arbitration of Plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED, and this case is STAYED and ADMINISTRATIVELY CLOSED. The parties are ordered to arbitrate this dispute.

New Orleans, Louisiana, this 1st day of December, 2014.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[7] 9 U.S.C. § 3 (West 2014) (emphasis added).

[8] *In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002).